IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY KELLEY, PAIGE KELLY, FLOYD A. SCHLOSSBERG, and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and as Trustees of THE SERVICE EMPLOYEEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> TEAMPAY HEALTHCARE LLC, a Delaware limited liability company, DAWN DOBBS, individually, and REGGIE GRIFFIN, individually. <br><br> Defendants. | Case No. 17-cv-5946 <br><br> Judge Edmond E. Chang |

## PLAINTIFFS' MOTION FOR FINAL JUDGMENT

Plaintiffs GREGORY KELLEY, PAIGE KELLY, FLOYD A. SCHLOSSBERG, and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND ("Welfare Fund"), and as Trustees of THE SERVICE EMPLOYEEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND ("Pension Fund"), (Welfare Fund and Pension Fund known jointly as "The Funds"), by and through their attorneys, Dowd, Bloch, Bennett & Cervone, pursuant to Fed.R.Civ.P. 55(b)(2) and Fed.R.Civ.P. 54, respectfully move this court for entry of default judgment on all counts in the form of the attached proposed order or otherwise, against Defendants TEAMPAY HEALTHCARE LLC ("Teampay") and Dawn Dobbs ("Dobbs"). In support of this motion, the Plaintiffs state as follows:

1. This is a claim against Teampay for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of the Employee Benefits Retirement Income Security Act ("ERISA"), 29 U.S.C. §1145. It is also a claim against Dobbs in her personal capacity to the extent Teampay deducted contributions from employees' wages but failed to remit those contributions.

2. The Funds filed their four-count Complaint on August 15, 2017, consisting of a demand for delinquent reports (Count I against Teampay); a demand for remittance of benefits contributions deducted from employee wages (Count II against Teampay); a claim for violation of fiduciary duties under ERISA by Dobbs when she took Welfare Fund assets in the form of amounts deducted from wages but used them for other purposes (Count III against Dobbs); and a claim for personal liability for wage theft on the same factual basis as Count III, as established by Section 13 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/13 (Count IV against Dobbs).

3. On October 2, 2017, the Court held Teampay in default (Order Granting Plaintiffs' Motion to Held Teampay Healthcare LLC in Default [Docket No. 13]). Dobb, too, is now in default, having been served with summons on November 6, 2017, and having not appeared within the time allowed (Affidavit of Service on Dobbs [Docket No. 18]).[1]

---

[1] Plaintiffs also brought claims against an individual named Reggie Griffin, but now ask that those claims be dismissed without prejudice.

4.  Teampay has provided payroll records for the relevant period. Based on that payroll Teampay submitted, the Funds have computed the amounts owed as follows:

| Teampay Courtyard Delinquencies | Welfare | Payroll Deductions | Pension |
|---|---:|---:|---:|
| April 2017 | $ 900.00 | $ 17.32 | $ - |
| May 2017 | $ 1,200.00 | $ 17.32 | $ 318.04 |
| June 2017 | $ 1,800.00 | $ 17.32 | $ 373.23 |
| July 2017 | $ 1,500.00 | $ 17.32 | $ 409.42 |
| August 2017 | $ 2,100.00 | $ 17.32 | $ 384.07 |
| September 2017 | $ 2,400.00 | $ 17.32 | $ 701.64 |
| October 2017 | $ 2,550.00 | $ 17.32 | $ 221.71 |
| November 2017 | $ 2,550.00 | $ 17.32 | $ - |
| **Total Principal Contributions** | **$ 15,000.00** | **$ 138.56** | **$ 2,408.11** |
| 20% Liquidated Damages | $ 3,000.00 | $ - | $ 481.62 |
| Interest | $ 454.20 | $ - | $ 87.28 |
| **Teampay Courtyard Delinquency** | **$ 18,454.20** | **$ 138.56** | **$ 2,977.01** |

| Teampay Norridge Delinquencies | Welfare | Payroll Deductions | Pension |
|---|---:|---:|---:|
| April 2017 | $ 2,400.00 | $ 127.94 | $ - |
| May 2017 | $ 3,000.00 | $ 127.94 | $ 572.00 |
| June 2017 | $ 3,000.00 | $ 127.94 | $ 624.53 |
| July 2017 | $ 3,000.00 | $ 127.94 | $ 662.81 |
| August 2017 | $ 3,300.00 | $ 127.94 | $ 630.80 |
| September 2017 | $ 3,300.00 | $ 127.94 | $ 958.05 |
| October 2017 | $ 3,600.00 | $ 127.94 | $ 324.67 |
| November 2017 | $ 3,750.00 | $ 127.94 | $ - |
| **Total Principal Contributions** | **$ 25,350.00** | **$ 1,023.52** | **$ 3,772.86** |
| 20% Liquidated Damages | $ 5,070.00 | $ - | $ 754.57 |
| Interest | $ 877.89 | $ - | $ 142.00 |
| **Teampay Norridge Delinquency** | **$ 31,297.89** | **$ 1,023.52** | **$ 4,669.43** |

(Ex.1, Declaration of Christina Barnett ¶7.)

5.      Pursuant to the Funds' collection procedures, Employers who fail to report and/or remit contributions are liable to pay an additional 20% if the Fund files a lawsuit against the Employer to recover any amount due, and interest at the rate of 1% per month, compounded monthly, as well as all costs of collection, including reasonable attorneys' fees and court costs (Ex.1, Declaration of Christina Barnett ¶¶5-6).  Liquidated damages and interest owed pursuant to the Funds' collection procedures and 29 U.S.C §1132(g)(2) are a "mandatory rather than a discretionary determination on the part of the court." *Central States, Southeast and Southwest Areas Pension Fund*, 795 F. Supp. 2d 740, 744 (N.D. Ill. 2011).

6.      Teampay's failure to make timely reports and contributions violates Section 515 of ERISA, 29 U.S.C. §1145 and Section 301 of the LMRA, 29 U.S.C. §185.

7.      Based on the amount of work Plaintiffs' counsel has completed to date and the work Plaintiffs' counsel anticipates doing in the future to bring this matter to conclusion, the Plaintiffs' have incurred or will incur attorneys' fees and costs in the amount of $11,059.80 related to collection (Declaration of Josiah A. Groff, Exhibit 2 hereto, ¶8).

8.      Teampay's only payments towards these delinquencies are two checks, numbers 1103 and 1104, in the respective amounts of $6,890.52 and $1,339.60.  Despite demand being duly made, as of the date of this declaration, Teampay has refused to offer any specific proposal for how it would pay the balance of what it owes.

9.      Dobbs is personally liable to the extent of the payroll deductions shown above, and for the attorneys' fees involved in collecting them.

10. As shown in the charts below, Teampay owes $61,390.29, of which $12,221.88 is jointly owed by Dawn Dobbs, individually:

| Teampay Courtyard Delinquencies | Welfare | Payroll Deductions | Pension |
|---|---|---|---|
| April 2017 | $ 900.00 | $ 17.32 | $ - |
| May 2017 | $ 1,200.00 | $ 17.32 | $ 318.04 |
| June 2017 | $ 1,800.00 | $ 17.32 | $ 373.23 |
| July 2017 | $ 1,500.00 | $ 17.32 | $ 409.42 |
| August 2017 | $ 2,100.00 | $ 17.32 | $ 384.07 |
| September 2017 | $ 2,400.00 | $ 17.32 | $ 701.64 |
| October 2017 | $ 2,550.00 | $ 17.32 | $ 221.71 |
| November 2017 | $ 2,550.00 | $ 17.32 | $ - |
| **Total Principal Contributions** | **$ 15,000.00** | **$ 138.56** | **$ 2,408.11** |
| 20% Liquidated Damages | $ 3,000.00 | $ - | $ 481.62 |
| Interest | $ 454.20 | $ - | $ 87.28 |
| **Teampay Courtyard Delinquency** | **$ 18,454.20** | **$ 138.56** | **$ 2,977.01** |

| Teampay Norridge Delinquencies | Welfare | Payroll Deductions | Pension |
|---|---|---|---|
| April 2017 | $ 2,400.00 | $ 127.94 | $ - |
| May 2017 | $ 3,000.00 | $ 127.94 | $ 572.00 |
| June 2017 | $ 3,000.00 | $ 127.94 | $ 624.53 |
| July 2017 | $ 3,000.00 | $ 127.94 | $ 662.81 |
| August 2017 | $ 3,300.00 | $ 127.94 | $ 630.80 |
| September 2017 | $ 3,300.00 | $ 127.94 | $ 958.05 |
| October 2017 | $ 3,600.00 | $ 127.94 | $ 324.67 |
| November 2017 | $ 3,750.00 | $ 127.94 | $ - |
| **Total Principal Contributions** | **$ 25,350.00** | **$ 1,023.52** | **$ 3,772.86** |
| 20% Liquidated Damages | $ 5,070.00 | $ - | $ 754.57 |
| Interest | $ 877.89 | $ - | $ 142.00 |
| **Teampay Norridge Delinquency** | **$ 31,297.89** | **$ 1,023.52** | **$ 4,669.43** |

| Summary of Teampay Delinquencies | Amount |
|---|---|
| Total Delinquency | $ 58,560.61 |
| Attorneys' Fees and Costs | $ 11,059.80 |
| Check No. 1103 | $ (6,890.52) |
| Check No. 1104 | $ (1,339.60) |
| **Grand Total Due** | **$ 61,390.29** |

| Summary of Dawn Dobbs Delinquencies | Amount |
|---|---:|
| Total Delinquency from Payroll Deductions | $ 1,162.08 |
| Attorneys' Fees and Costs | $ 11,059.80 |
| **Grand Total Due** | **$ 12,221.88** |

11. Plaintiffs request that their claims against Defendant Reggie Griffin be dismissed without prejudice.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request that the Court enter a final judgment against Defendant Teampay Healthcare LLC in the amount of $61,390.29, and against Dawn Dobbs, jointly and severally, to the extent of $12,221.88, and dismissing Defendant Reggie Griffin without prejudice.

Respectfully submitted,

/s/ Elizabeth L. Rowe
Elizabeth L. Rowe
An Attorney for the Plaintiffs

J. Peter Dowd (ARDC# 0667552)
Josiah A. Groff (ARDC# 6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
    AUERBACH & YOKICH
8 S. Michigan Ave.   19th Floor
Chicago, IL 60602
312-372-1361

November 30, 2017