IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY KELLEY, PAIGE KELLY, FLOYD A. SCHLOSSBERG, and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND, and as Trustees of THE SERVICE EMPLOYEEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND, <br><br> Judgment Creditors, <br><br> v. <br><br> TEAMPAY HEALTHCARE, LLC, <br><br> Judgment Debtor, <br><br> COURTYARD HEALTHCARE CENTER and NORRIDGE GARDENS, <br><br> Third-Party Citation Respondents. | Case No. 17-cv-5946 <br><br> Judge Edmond E. Chang |

**JUDGMENT CREDITORS' MOTION FOR ENTRY OF CONDITIONAL JUDGMENT AGAINST THIRD-PARTY CITATION RESPONDENTS
<u>COURTYARD HEALTHCARE CENTER AND NORRIDGE GARDENS</u>**

Plaintiffs GREGORY KELLEY, PAIGE KELLY, FLOYD A. SCHLOSSBERG, and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE IL HEALTH AND WELFARE FUND ("Welfare Fund"), and as Trustees of THE SERVICE EMPLOYEEES INTERNATIONAL UNION HEALTHCARE IL PENSION FUND ("Pension Fund"), (Welfare Fund and Pension Fund known jointly as "The Funds"), by and through their attorneys, Dowd, Bloch, Bennett & Cervone, Auerbach & Yokich, respectfully move this Court for entry of a conditional judgment against Courtyard Healthcare

Center and Norridge Gardens, pursuant to 735 ILCS 5/12-807 and Rule 69(a) of the Federal Rules of Civil Procedure. In support of this motion, the Funds state as follows:

1. This lawsuit began as a suit against Teampay Healthcare, LLC ("Teampay"), for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of the Employee Benefits Retirement Income Security Act ("ERISA"), 29 U.S.C. §1145. On December 6, 2017, the Court entered judgment against Teampay in the amount of $60,810.79, of which $11,642.38 was jointly and severally entered against Dawn Dobbs. Dobbs has since tendered payment for the judgment against her, but $49,168.41 remains due and owing from Teampay.

2. On December 27, 2017, the Funds served a Third-Party Citation to Discover Assets to Courtyard Healthcare Center ("Courtyard"), with a return date of January 23, 2018. A copy of the citation is attached as Exhibit A. The citation was served by certified mail, and a copy of the return receipt is attached hereto as Exhibit B.

3. On December 27, 2017, the Funds also served a Third-Party Citation to Discover Assets to Norridge Gardens ("Norridge"), with a return date of January 23, 2018. A copy of the citation is attached as Exhibit C. The citation was served by certified mail, and a copy of the return receipt is attached hereto as Exhibit D.

4. The Funds agreed to grant an extension to Courtyard and Norridge until January 29, 2018 to produce any documents in response to the citation.

5. Courtyard and Norridge failed to produce any documents by January 29, 2018, and the Funds agreed to provide them an additional extension until February 6 before seeking relief from the Court. (*See* email from K. Kilens, attached hereto as Exhibit E.)

6. Courtyard and Norridge failed to produce any documents by February 6, and, failed to as of the date of the filing of this motion.

7. Pursuant to Illinois law, which applies in post-judgment collections in this case under Fed. R. Civ. P. 69(a), this Court may enter "any order upon or judgment against the person cited that could be entered in any garnishment proceeding." 735 ILCS 5/2-1402(c)(4).

8. In a garnishment proceeding, where a third-party is summoned but "fails to appear and answer":

> the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the garnishee, returnable in the same manner as provided in Section 12-705 of this Act, commanding the garnishee to show cause why the judgment should not be made final. If the garnishee, after being served with summons to confirm the conditional judgment or after being notified as provided in subsection (b) hereof, fails to appear and answer, the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs.

735 ILCS 5/12-706(a).

9. Because Courtyard and Norridge has failed to answer the citations, the Funds request entry of a conditional judgment against Courtyard and Norridge, jointly and severally, in the amount of the outstanding judgment against Teampay, i.e., $49,168.41. The Funds will then obtain from the Clerk of the Court a Summons to Confirm Conditional Judgment, serve that Summons on each of Courtyard and Norridge, and seek confirmation of the conditional judgment if Courtyard and Norridge do not appear.

WHEREFORE, the Funds move the Court to issue a conditional judgment against Courtyard and Norridge, in the form of the attached proposed conditional judgment or otherwise, and respective Summonses to Confirm Conditional Judgment.

Respectfully submitted,

/s/ Elizabeth L. Rowe
Elizabeth L. Rowe
An Attorney for the Plaintiffs

J. Peter Dowd (ARDC# 0667552)
Josiah A. Groff (ARDC# 6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
    AUERBACH & YOKICH
8 S. Michigan Ave. – 19th Floor
Chicago, IL 60602
312-372-1361

February 19, 2018